## Price v. Larson Laboratories, Inc.

*English, Gilson, Baker & Bowler,* for plaintiff.

*Enoch C. Filer* and *Walter A. Dart, Jr.,* for defendant.

EVANS, P. J., July 8, 1953.—This matter is before the court on plaintiff's motion for judgment on the pleadings. In the complaint it is averred that plaintiff, whose business is that of advertising agent, under oral contract with defendant, performed services and incurred expenses on defendant's behalf at times and

in the amounts set forth in an exhibit attached. In general, plaintiff conducted for defendant various advertising enterprises in newspapers and through radio facilities. Pictures were taken, letterheads and envelopes secured and advertising space at rates set forth were secured. These expenses, plus a 15 percent charge for plaintiff's services, make up a total claim of $9,707.82. Payments in the amount of $7,876.40 are acknowledged, leaving a balance unpaid, according to the bill of complaint, in the amount of $1,831.43.

On April 30, 1953, defendant filed a petition to secure an order of court directing plaintiff to disclose his records, bills and invoices in order to assist defendant in preparing its defense. This petition was refused by the court, and an order made directing that an affidavit of defense be filed within five days.

Defendant then filed its answer admitting the contract but denying any sums due thereunder. The exact defense to particular items of the claim was averred to be impossible because all of the information wtih reference thereto was in exclusive control of plaintiff. Proof of each of these items was demanded at the time of trial.

In support of his motion plaintiff states that the information necessary to prepare a defense is not within his exclusive control and may be readily obtained by inquiry from the various newspapers, photographers and display advertisers listed in plaintiff's bill. With this we do not agree.

It is to cover such a situation as is presented here that Rule of Civil Procedure 1029 was adopted. If defendant did call upon or correspond with the many firms with whom plaintiff did business, he might well be refused the information asked. These firms are in no way obligated to give such information and, even if they did so, defendant would have no assurance

that the information furnished was accurate. Furthermore, in many instances these firms would have no knowledge that the services or material they furnished was actually used under the provisions of the contract in such a manner as to make it a proper charge in the matter now before us.

At time of trial there will be two important questions to consider: One, were the services of these various firms secured under the oral agreement of the parties to this litigation; and, two, were the charges made for such services reasonable and therefore collectible?

Plaintiff contends that this type of defense is unwarranted and injected only for purposes of delay, but we are unable to determine this as a fact. The case is properly at issue, may be placed upon the October trial list and a decision on the merits rendered by a verdict within three months.

*Order*

And now, to wit, July 8, 1953, plaintiff's motion for judgment on the pleadings filed May 21, 1953, is dismissed.